The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr.. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a 24 year old single female who is a kindergarten teacher at Hollister Elementary School. She was a student at North Carolina Central University from August of 1989 to May of 1994 and while attending a football game at the stadium there on September 28, 1991 someone threw a gin bottle in the stands striking her in the head resulting in the injuries for which damages are claimed.
2. There is no evidence that the type of criminal assault that plaintiff sustained was a reasonably foreseeable one because similar or even more serious assaults had occurred during football games at the stadium resulting in the university having actual or constructive knowledge thereof and being under a duty to exercise reasonable care to prevent them; but rather, at most occasional fights had broken out between opposing fans or these same fans would become intoxicated and rowdy; however, neither had been a particular problem during footballs games and plaintiff herself did not feel threatened by the intoxicated and rowdy individuals sitting above her in the stands that she assumed threw the offending whiskey bottle and thus it can be inferred that she did not believe that it was reasonably foreseeable that they would assault her with a bottle. If plaintiff actually felt threatened she could have contacted one of the 15 uniform security officers assigned to the game and located at strategic stationary points around the stands.
3. Although there had been at least one prior murder in a dormitory on campus and other incidents of weapons being brandished or used had occurred during campus block parties; following these episodes the university took reasonable precautions to prevent others by increasing dormitory security and no longer allowing block parties on campus. Because there had never been any problems with weapons being brought to football games — much less any murders or shooting occurring there, spectators were not required to pass through metal detectors at North Carolina Central University upon entering the stadium unlike Rocky Mount Senior High where weapons being brought to football games had become a problem and metal detectors were used.
4. Even assuming arguendo that the type of criminal assault that occurred on the date in question was a reasonably foreseeable one requiring defendant North Carolina Central University to exercise reasonable care to prevent such assaults at football games by rowdy and intoxicated spectators; the university did so by posting signs in the first place indicating that alcohol was not allowed in the stands, by no longer allowing coolers or bags to brought into the stands and having the presence of 15 uniform officers strategically placed at stationary points about the stadium, who were made up of campus security officers as well as off duty officers from the Durham Police Department and Sheriff's Department. Parties entering the stadium were not patted down nor were their purses searched; however, considering the time and manpower to do so and the limited nature of the problem involved; it would not have been reasonable to require that type of fan search.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commissioner concludes as follows:
CONCLUSION OF LAW
At the time complained of there was no actionable negligence on the part of any named or unnamed employee, agent, servant or representative of defendant North Carolina Central University proximately resulting in the injuries for which damages are claimed; but rather, the involved injuries were the result of a criminal assault by an unknown third person that, for the reasons stated in the above Findings of Fact, were neither reasonably foreseeable nor, even assuming arguendo they were, were due to failure of defendant North Carolina Central University to provide reasonable security at football games to prevent that type of assault. Brown vs. North Carolina WesleyanCollege, 65 N.C. App. 579, 309 S.E.2d 701 (1983).
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. IT IS THEREFORE ORDERED that plaintiff have and recover NOTHING and that her claim be DISMISSED with prejudice.
2. Each side shall bear its own costs.
 S/ ____________________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________________________ THOMAS J. BOLCH COMMISSIONER
S/ ___________________________________ WILLIAM L. HAIGH CHIEF DEPUTY COMMISSIONER
CMV/cnp/mj 11/15/95